United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB CROOKS, BN 2418871,
Plaintiff,
v.
MARTINEZ DETENTION FACILITY,
Defendant(s).

Case No. 26-cv-05533-SK (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a pretrial detainee at the Contra Costa County Martinez Detention Facility (MDF), has filed a pro se complaint under 42 U.S.C. § 1983 alleging that on January 26, 2026, he was attacked by another inmate with a metal broom because the deputy who gave the inmate the broom "had his attention in his phone and [was] not fulfilling his job duties." Compl. (ECF No. 1) at 3. Plaintiff adds that he has been suffering from "migraines and vision los[s]" since the incident and that he wants damages for the deputy's failure to provide him adequate "saf[e]ty" at MDF. Id. Plaintiff only names MDF as a defendant in this action.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

A pretrial detainee is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979). A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment. See United States v. Salerno, 481 U.S. 739, 746-47 (1987); Bell, 441 U.S. at 535-36. Under both clauses, an inmate bringing a failure-to-protect claim must show that the named prison official acted with deliberate indifference. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc).

But whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. Id. at 1068-70 (holding that objective standard of Kingsley v. Hendrickson, 576 U.S. 389 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees). A pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to-protect claim." Id. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." Id. at 1071.

The elements of a pretrial detainee's due process failure-to-protect claim against a prison official are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by

United States District Court
Northern District of California

not taking such measures, the defendant caused the plaintiff's injuries. Id.

Plaintiff's allegations of failure to protect will be dismissed with leave to amend to set forth specific facts sufficient to state a viable due process failure-to-protect claim, if possible. Plaintiff also must name and link every defendant with his allegations of wrongdoing so as to show how each named defendant actually and proximately caused the deprivation of plaintiff's due process rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff is reminded that in a § 1983 action a prison or jail official can only be liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Under no circumstances can a supervisor or superior be liable under § 1983 solely because he or she is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor or superior may be liable under § 1983 only upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's or superior's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).

A local government or local government agency or department similarly may be subject to liability under § 1983 only where official policy or custom causes the constitutional violation of which plaintiff complains. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To constitute actionable policy or custom, a local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989). Only where a failure to supervise and train reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 389.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated

United States District Court
Northern District of California

time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated: July 23, 2026

SALLIE KIM
United States Magistrate Judge